Taylor and another vs. Ketchum.

*January 13 — January 30, 1883.*

*Findings sustained by evidence: Penalty for unreasonable delay.*

Findings of the circuit court are *held* to be sustained by the overwhelming preponderance of evidence; but the appeal having apparently been taken in good faith and not merely for delay, this court declines to assess upon the appellant the statutory penalty for unreasonable delay.

APPEAL from the Circuit Court for *Waupaca* County.

Action to recover a balance due upon an account for goods, wares and merchandise sold and delivered, and for services rendered in fitting up and repairing machinery, etc., for a steam saw-mill. A bill of items was attached to the complaint. The answer, among other things, alleged that the defendant made a special agreement with the plaintiffs concerning all the services and materials charged in the bill of items after a certain date, by the terms of which all of said services were to be fully performed and all of said materials furnished on or before July 27, 1875, and at a price not to exceed $1,400. Failure to perform such special agreement and consequent damage to the defendant are alleged by way of counterclaim.

Under a stipulation of the parties the cause was tried without a jury. The court found, in effect, that the plaintiffs were employed to perform and furnish material for the defendant; (5) that during the progress of said work and afterwards certain other work and articles were ordered by the defendant, and in pursuance of such employment and orders the plaintiffs performed the services and furnished the materials, a statement of which was attached to the complaint, " which said statement also shows the value of said work and materials, which amount in the whole to the sum of $2,713.28; " (6) " that no price was agreed upon for any of said work or material, except the fly-wheel, which said plaintiffs agreed to furnish at six and one half cents per pound, at which price it is charged in said statement; " (7) that no such agreement was made between the parties as that alleged in the answer; (8) that all the work was done and the materials furnished with due diligence and within a reasonable time, and that the defendant was not injured by any neglect or delay on the part of the plaintiffs; (9) that no time was agreed upon for payment for said work and materials; that demand for payment was duly made;

that certain partial payments were made, etc. The defendant, among other exceptions, excepted " to the whole of the fifth, sixth, seventh, eighth and ninth findings of facts," and appealed from a judgment in favor of the plaintiffs.

The cause was submitted for the appellant on the brief of *G. W. Cate*, and for the respondent on that of *Hastings & Greene*.

To the point that the exceptions filed by the appellant are too general to raise any questions for review, counsel for the respondent cited: *Weisenberg v. Appleton*, 26 Wis., 56; *Strachan v. Muxlow*, 31 id., 207; *University v. Shanks*, 40 id., 352; *Corcoran v. Harran*, 55 id., 120; *Newell v. Doty*, 33 N. Y., 83; *Thomas v. Mitchell*, 27 Wis., 414; *Paggeot v. Sexton*, 23 id., 195; *Smith v. Coolbaugh*, 21 id., 432; *Gilman v. Thiess*, 18 id., 528; *Taft v. Kessel*, 16 id., 273.

ORTON, J. This case comes to this court exclusively on questions of fact.

Many of the exceptions to the findings of fact are too general, and embrace more than one proposition or fact, but the sixth, seventh, and ninth findings may be sufficiently specific to present the only two questions on which the general legal conclusion mainly depended, namely, whether there was an agreement by the parties (1) as to the price for which the main part of the work was to be done, and (2) as to the time the main part of the work was to be completed. On the general question, the testimony of the plaintiff *Duncan* was positive that no agreement was made either as to price or time, and his testimony was corroborated by several other witnesses present at the time, among whom were the superintendent of the mill of the defendant and his mill-wright, who made the plans for the rebuilding of the mill.

The numerical majority of witnesses is not the test of credibility; but even if it were, in this case the majority of witnesses who testify that no contract was made, and who

had the best means of knowing, is decidedly with the plaintiffs. Besides, every probability is in favor of the fact that no contract, either as to price or time, was made, because the contract, as stated by the defendant, would require work to be done and materials furnished, honestly and fairly worth $2,713.28, for $1,400 only, and by the testimony of the millwright of the defendant himself the work could not possibly have been completed in the time fixed by the testimony of the defendant. There seems to have been no controversy whatever that the work was all done and well done, and the materials furnished and money paid and debts assumed on account thereof as charged in the complaint, and the reasonable value thereof as charged. The defendant made payments on the bills afterwards without objection. The testimony is overwhelming and vastly preponderating in favor of the plaintiffs and the findings in all respects, and yet we cannot say that this appeal has been taken for mere delay or in bad faith, for there was some testimony in favor of the fact that such an agreement was made. Besides, the able and eminent counsel of the appellant appears to have confidence in the appeal and argues the cause with plausibility. We shall therefore decline to assess upon the appellant the statutory penalty for unreasonable delay, as requested by the learned counsel of the respondent in their brief.

*By the Court.*— The judgment of the circuit court is affirmed.